UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| : | Case No. 20-CR-117-5 (DLF) |
| v. : | |
| : | |
| UZZIAH HAIRSTON, : | |
| : | |
| Defendant. : | |

## GOVERNMENT'S PROBATION VIOLATION AND SENTENCING MEMORANDUM FOR DEFENDANT UZZIAH HAIRSTON

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum regarding the Government's position on defendant Uzziah Hairston's probation violations and sentencing recommendation.

### I. Background and Procedural History

#### A. Plea and Sentencing

On October 6, 2021, defendant Uzziah Hairston pleaded guilty, pursuant to a Plea Agreement, to a Superseding Information charging him with one count of Disorderly or Disruptive Conduct in Restricted Building or Grounds, in violation of 18 U.S.C. §§ 1752(a)(2) and 1752(b)(2). (ECF Nos. 94-96.)

On January 7, 2022, the Court sentenced Mr. Hairston to a three-year term of probation, $2,600 in restitution, and a $25 Special Assessment. (ECF No. 154.) Mr. Hairston's probation included the Standard Conditions, as well as a number of Special Conditions, including: (1) 90 days of Home Detention with location monitoring and (2) 60 hours of community service, to be completed within 30 months; (3) restitution payments; (4) a financial information disclosure; (5) substance abuse testing; (6) vocational services program; and (7) mental health treatment. (*Id.*)

1

### B. Probation Petitions for Violations

The April 19, 2022, Probation Petition initially reported that on January 13, 2022, Mr. Hairston submitted a urine sample that tested positive for THC. (ECF No. 156 at 2.) Probation further reported that Mr. Hairston admitted to using marijuana while on pretrial supervision, with his last use occurring prior to his sentencing hearing. (*Id.*)

Probation has since reported multiple violations by Mr. Hairston during his term of probation in this case. First, the October 20, 2023, Probation Petition (ECF No. 179) reported the following violations:

| | |
|---|---|
| <u>Violation No. 1</u> | For Mr. Hairston's August 21, 2023, arrest in Rockingham County, North Carolina, for felony eluding, speeding, and related offenses. |
| <u>Violation No. 2</u> | For Mr. Hairston's unauthorized travel outside of the Western District of Virginia to Rockingham County, North Carolina, on August 21, 2023. |
| <u>Violation No. 3</u> | For Mr. Hairston admitting to using marijuana on April 12, 2023. |
| <u>Violation No. 4</u> | For Mr. Hairston failing to make restitution payments as required. |

In addition, the February 28, 2024, Probation Petition (ECF No. 188) reported an additional violation:

| | |
|---|---|
| <u>Violation No. 5</u> | For Mr. Hairston's February 20, 2024, arrest in Danville, Virginia for assault and battery (Danville General District Court, Case No. GC24000980-00). |

Danville General District Court records revealed that Case No. GC24000980-00 was dismissed *Nolle Prosequi* on May 21, 2024. As a result, during a continued violation hearing on August 27, 2024, the Government moved to dismiss Violation No. 5 in the February 28, 2024, Probation Petition, which the Court granted.

On October 1, 2024, Probation filed a supplemental Petition regarding Violation No. 5, in which Probation alleged an additional violation for Mr. Hairston's August 28, 2024, arrest in Danville, Virginia for assault and battery (Danville Juvenile and Domestic Relations District Court, Case No. JA024190-04-00). Court records reveal that Case No. JA024190-04-00 was subsequently dismissed on November 19, 2024.

II.     **Status of Probation Violations for Revocation Hearing**

The Government understands that Mr. Hairston intends to concede Violation No. 2 (Unauthorized Travel Out of District) and Violation No. 3 (Use of Marijuana). The Government recommends proceeding to sentencing for those violations at the final revocation hearing.

Regarding Violation No. 1 (Commission of Another Offense), the Government understands that the matter remains pending and continues to be prosecuted by local authorities in Rockingham County, North Carolina, where the offense occurred. The Government does not intend to proceed to prove this violation in this Court at this juncture. If the Court revokes Mr. Hairston's probation for Violation Nos. 2 and 3, and resentences Mr. Hairston to a term of imprisonment and/or supervised release, the Government intends to move to dismiss this violation.

Regarding Violation No. 4 (Restitution Payments), the October 1, 2024, Petition reported that Mr. Hairston satisfied his restitution payments. Mr. Hairston was required to pay the balance of any restitution owed at a rate of not less than $100 each month (ECF No. 154 at 4), and in fact failed to make a number of scheduled payments as required. However, given that Mr. Hairston has since fulfilled his restitution obligation in full, the Government will move to dismiss Violation No. 4 at the final revocation hearing.

Regarding Violation No. 5 (Commission of Another Offense), as set forth above, both matters have subsequently been dismissed in Danville, Virginia courts. Therefore, the Government will also move to dismiss the remainder of Violation No. 5 at the final revocation hearing.

## III.   Government's Sentencing Recommendation

After finding Mr. Hairston guilty of Violation No. 2 (Unauthorized Travel Out of District) and Violation No. 3 (Use of Marijuana). the Government recommends that the Court resentence Mr. Hairston to a term of three months of imprisonment without an additional term of supervision.

"A sentence of probation remains conditional and subject to revocation until its expiration or termination." 18 U.S.C. § 3564(e). Indeed, where the defendant violated a condition of probation at any time prior to the expiration of termination of the term of probation, the Court may either (1) continue the defendant on probation, with or without extending the term or modifying or enlarging the conditions; or (2) revoke the sentence of probation and resentence the defendant. 18 U.S.C. § 3565.

The statutory maximum sentence that may be imposed for the offense of conviction is one year of imprisonment; one year of supervised release; five years of probation; and a $100,000 fine. For sentencing, Mr. Hairston was determined to be Criminal History Category III and his offense of conviction in this case resulted in a total Offense Level of four. This resulted in a Guideline range of zero to six months of imprisonment, one year of supervised release, and up to three years of probation.

Mr. Hairston was originally sentenced to three years of probation, $2,600 in restitution, 90 days of Home Detention with location monitoring, and 60 hours of community service to be completed in 30 months. To Mr. Hairston's credit, he completed the 90-day Home Detention period, and has paid the $2,600 in restitution in full. Mr. Hairston has also received vocational

4

training at a barbershop. However, Mr. Hairston has committed multiple violations of his probation conditions, and also failed to complete any of 60 hours of community service during the required time period, despite having more than 2.5 years to do so.

In consideration of the factors set forth in 18 U.S.C. § 3553(a), the nature and circumstances of Mr. Hairston's underlying criminal conduct was both serious and destructive. Mr. Hairston, together with others present and committing vandalism in Lafayette Park on June 22, 2020, actively participated and contributed to the approximately $34,000 of damage caused to the Equestrian Statue of Andrew Jackson and historic cannons on the premises.

Both the original sentence and resentencing imposed in this case should also reflect the seriousness of this offense, promote respect for the law, and provide just punishment. In addition, the sentence imposed should afford adequate specific and general deterrence from further criminal conduct, protect the public from any future crimes committed by Mr. Hairston, and endeavor to provide Mr. Hairston with training and treatment.

Here, Mr. Hairston has already completed a period of home detention, paid restitution in full, and had a significant opportunity to receive treatment and vocational training. However, Mr. Hairston has not completed (nor apparently made any attempt to complete) the 60-hour community service requirement.

On balance, in consideration of Mr. Hairston's multiple probation violations, as well as his partial completion of several significant mandatory conditions, the Government respectfully recommends that the Court resentence Mr. Hairston to three months of imprisonment. This sentence would serve as a further sanction for his offense of conviction and probation violations, and a deterrent to Mr. Hairston and others from committing similar offenses and probation

violations, while also crediting Mr. Hairston for the conditions and progress that he has completed during his term of probation.

    Respectfully submitted,

    MATTHEW M. GRAVES
    United States Attorney

    By: */s/ Thomas G. Strong*
    Thomas G. Strong
    Assistant United States Attorney
    601 D Street NW
    Washington, DC 20530
    (202) 252-7063
    thomas.strong@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing to be served upon counsel of record via the Electronic Case Filing (ECF) system on November 21, 2024.

                                                        By:    */s/ Thomas G. Strong*
                                                                       Thomas G. Strong
                                                                       Assistant United States Attorney